DUNCAN v. STATE.

Opinion delivered December 22, 1913.

1. APPEAL AND ERROR—INSANITY—DUTY TO TRY—PRESUMPTION.—When counsel for defendant in a criminal trial filed a petition asking that the court inquire into defendant's mental condition, when the record does not contain the petition nor any of the proceedings thereon, the presumption will be indulged that no sufficient showing was made to justify the court in impaneling a jury to try the issue of defendant's present insanity. (Page 525.)

2. TRIAL—PRESENCE OF DEFENDANT.—In a capital case the record must affirmatively show the presence of the defendant at each substantive step of the trial, but where the language of the record is ambiguous, it will be interpreted in the strongest sense of which it is susceptible, in favor of the judgment of the court. (Page 526.)

Appeal from Calhoun Circuit Court; *W. E. Patterson,* Judge; affirmed.

*Poole & Spear, H. S. Powell* and *J. S. McKnight,* for appellant.

1. It was error to refuse the petition to inquire into the mental condition of defendant at the time of trial. Kirby's Dig., § 2440; 69 Ark. 167; 77 *Id.* 423; 72 *Id.* 523; 104 *Id.* 43.

2. After a juror has been accepted by both parties he can not be challenged peremptorily without permission. 70 Ark. 337; Kirby's Dig., § 2357.

3. The defendant must be present when any substantive step is taken, and the record must show it. Kirby's Dig., § 2339; 24 Ark. 620; 44 *Id.* 331; 66 *Id.* 206.

4. The motion in arrest should have been treated as a suggestion of present insanity and as a motion to suspend sentence. 30 Ark. 518; 58 *Id.* 618; 95 S. W. 998.

And it was the duty of the court to empanel a jury to inquire into defendant's mental condition.  88 S. W. 818; 69 Ark. 167; 77 *Id.* 531; 104 *Id.* 43.

5.   An insane person shall not be found guilty of any crime.  Kirby's Dig., § § 1560, 1561; 105 Ark. 228.

6.   If there is reasonable doubt as to defendant's guilt under a plea of insanity this doubt should be resolved in his favor.   105 Ark. 228; 76 *Id.* 114.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1.   The court properly overruled the petition for a jury to determine his sanity.  The record fails to show the petition or the affidavits.  The presumption is the action of the court was proper.

2.   The record shows that neither the State nor defendant had exhausted their peremptory challenges, hence no prejudice resulted in excusing the juror, Moore.  99 Ark. 462-474; *Bruder* v. *State,* 110 Ark. 402.

3.   The motion in arrest was properly overruled. 104 Ark. 43.

4.   There was no error in the court's charge.  *Scott* v. *State,* 109 Ark. 391; Kirby's Dig., § 1765; *Scoggin* v. *State,* 109 Ark. 510.

McCULLOCH, C. J.   The defendant, J. M. Duncan, was indicted by the grand jury of Calhoun County for the crime of murder in the first degree in killing Walter Barnes, and on trial of the case before a jury he was convicted of murder in the second degree, and his punishment fixed at ten years in the State penitentiary.

The killing was done in the presence and view of a number of witnesses, and there is very little, if any, dispute as to the circumstances thereof, which were sufficient to embrace all the elements of the highest degree of homicide.

The only defense seriously relied upon is that of insanity, and a great deal of testimony was adduced by defendant, and also by the State, directed to that issue. The evidence was conflicting and was sufficient to justify

a finding either way. The question of the defendant's insanity at the time of the commission of the offense was submitted to the jury upon correct instructions, and we must, therefore, treat that issue as settled. There was considerable testimony to the effect that defendant was of a very irritable disposition and temperament; that he had some provocation for anger toward the deceased in a violent degree, and that threats had been made against him by deceased; all of which the jury doubtless considered and gave defendant the benefit of by reducing the verdict to murder in the second degree.

The record shows that on a day of the court prior to the date of the trial, counsel for defendant filed a petition asking the court to inquire into the defendant's mental condition, and that the prayer of the petition was denied. This ruling of the court is assigned as error. But as the record does not contain the petition, nor any of the proceedings thereon further than the recital that the petition was presented and overruled, we can not determine whether the court was in error in refusing to impanel a jury or not. We must, in the absence of any proof in the record, indulge the presumption that no sufficient showing was made to justify the court in impaneling a jury to try the issue of present insanity, and that the ruling of the court was, therefore, correct.

The statutes of this State provide that "if the court shall be of the opinion that there are reasonable grounds to believe that the defendant is insane, all proceedings in the trial shall be postponed until the jury be impaneled to inquire whether the defendant is of unsound mind, and if the jury shall find that he is of unsound mind the court shall direct that he be kept in prison, or conveyed by the sheriff to the lunatic asylum, and there kept in custody by the officers thereof until he is restored" (Kirby's Digest, § 2277); also that, where a defendant appears for judgment, "he may also show that he is insane. If the court is of the opinion that there is reasonable grounds for believing he is insane, the question of his insanity

shall be determined by a jury of twelve qualified jurors,'' etc. Kirby's Digest, § 2440.

Both of these statutes are, in substance, reaffirmation of common law rules of criminal procedure, and the practice thereunder has been referred to and recognized in many decisions of this court, the reason for these statutes and the original rules of procedure which they reaffirm being that the trial should be postponed when the defendant is incapacitated, on account of his unsoundness of mind, to rationally conduct his defense, or, after verdict, to intelligently give reason why judgment should not be pronounced.

The record in this case being silent as to what the court had before it, we can not say that there were reasonable grounds for believing that the defendant was insane, so as to call for the postponement of the trial.

It is next insisted that the case should be reversed for the reason that the record does not affirmatively show that the defendant was present when his petition was overruled by the court.

Defendant was accused of a capital offense, which is not, ordinarily, bailable, and the record affirmatively shows that he was not on bail but was kept in the custody of the sheriff and jailor.

The rule seems to be well settled by decisions of this court that in a capital case the record must affirmatively show the presence of the defendant. *Brown* v. *State,* 24 Ark. 620; *Bearden* v. *State,* 44 Ark. 331; *Bond* v. *State,* 63 Ark. 504.

Though the record must affirmatively show the presence of the defendant in each substantive step of the trial, where the language of the record is ambiguous, we should interpret it in the strongest sense to which it is susceptible in favor of the court's judgment, for, as said by Mr. Elliott in his work on Appellate Procedure (§ 724), ''the general presumption is that the judgment in a judicial proceeding is supported by whatever is essential to its validity and effectiveness * * * where their lack of support does not appear affirmatively.'' The language

of the record is, to some extent, ambiguous. It recites that the defendant appeared by his attorneys and filed a petition for an inquiry into his mental condition, but that the petition was overruled by the court and that "the defendant at the time excepted." The fact is noteworthy that the order refers, in one place, to the defendant asking through his attorneys, and, in another, to the defendant himself speaking. While it may appear to be straining the language to say that the defendant was acting through his attorneys in one place and by himself in another, yet it is our duty to indulge the strongest presumption, consistent with the language used, at least to interpret the language very liberally, in order to uphold the validity of the court's action. It was within the power of the defendant to clear up this doubt by proper showing of his presence or absence. Therefore, without impairing the rule that the record should contain, affirmatively, a showing of the presence of the defendant we think the language used in the order is sufficient to reflect that fact.

Counsel for the defendant filed a motion in arrest of judgment, which set up, among other things, the ground that the defendant was insane at the time of the trial.

This is not properly ground for arrest of judgment, but the court should have treated it as a suggestion of the present insanity of the defendant and a motion to suspend sentence during the period of his insanity. But even when so treated there is nothing shown in the record to justify the court in impaneling a jury to try the issue of present insanity. A mere suggestion of insanity of the defendant does not necessarily call for the impaneling of a jury, but the court must first inquire for reasonable grounds for believing him to be insane, and, as before stated, in the absence of any showing, we must indulge the presumption that the court found nothing which justified the inquiry.

Defendant assigns as error the ruling of the court in refusing to give an instruction to the jury that "no in-

sane person shall be found guilty of the commission of any offense.''

That instruction was correctly refused, because the inquiry as to the insanity of the defendant at the time of the trial is a question for investigation apart from the trial of' the question of guilt or innocence, or insanity at the time of the commission of the offense. It would confuse the issue to permit the jury to pass upon the question of insanity at the time of the trial, and this instruction would have induced a verdict of not guilty if the jury had found that defendant was insane at the time. If there were grounds for believing that the defendant was insane, the court, instead of permitting the trial to proceed, should have impaneled a jury to try that issue; but after the court had made sufficient inquiry to determine that there were no grounds to believe that the defendant was insane, then it was improper to submit that question to the trial jury.

There are other assignments of error concerning the giving and refusal of instructions. But we are of the opinion that the court properly submitted the case to the jury upon correct instructions. Most of the assignments with respect to the refusal of the court to give instructions requested by the defendant concerned refused instructions which were covered by others given by the court.

The criticisms by learned counsel of the instructions given by the court on the burden of proof on the plea of insanity are not well founded, for we find, on examination, that those instructions, when read together, conform to the law as announced by this court in numerous cases.

Judgment affirmed.