## O'NEAL v. STATE.

### Opinion delivered January 19, 1914.

1. HOMICIDE—DEFENSE OF INSANITY—INTOXICATION.—Where appellant killed deceased while under the influence of liquor, and the evidence showed appellant to be an habitual drunkard, he is entitled to have the jury instructed on the question of whether appellant's reason was dethroned to the extent of making him incapable of knowing right from wrong, which would excuse him from the crime committed while under the influence of intoxicants. (Page 44.)

2. HOMICIDE—EVIDENCE—SUFFICIENCY.—Evidence held sufficient to warrant submission of question to the jury. (Page 45.)

3. HOMICIDE—INSANITY—COMMISSION TO EXAMINE INTO—JURISDICTION OF SUPREME COURT.—Where counsel for appellant, who was indicted for first degree murder, did not ask the circuit court to postpone the trial on account of appellant's mental condition, or to suspend judgment on that account, there is no statute permitting the institution of an inquiry as to appellant's sanity, in the Supreme Court, and the Supreme Court will not attempt to exercise original jurisdiction by directing an inquiry, or by remanding the case to the circuit court for that purpose. (Page 45.)

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; affirmed.

*J. W. Phillips,* for appellant.

The court erred in refusing instructions 1, 2 and 3, requested by defendant. Instruction 3, to the effect that settled insanity which becomes fixed and established as a

diseased condition of the mind, produced by habitual intoxication, affects criminal responsibility in the same way as insanity produced by any other cause, is surely the law. For test of criminal responsibility on a plea of insanity, see 64 Ark. 534. See, also, Kirby's Digest, § 1550.

If an infant under twelve years of age is held incapable of committing a crime, Kirby's Digest, § 1553, ought not a man whose mental development was arrested by excessive drinking at eleven years of age also be held incapable?

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

The issue of insanity was submitted to the jury under proper instructions to which there was no objection. A trial court is not required to repeat instructions. 100 Ark. 199.

McCulloch, C. J. Appellant was indicted for the crime of murder in the first degree in killing one Wilks, in a saloon in Newport, Arkansas.

On the trial of the case, the jury returned a verdict of guilty of the crime of murder in the second degree, and judgment was entered for that offense, from which judgment an appeal has been prosecuted.

The killing was done by shooting deceased with a pistol in the presence of a number of bystanders, who testified concerning the circumstances.

The killing was unprovoked and wholly unjustifiable, and the only defense is that of insanity.

Testimony was adduced tending to show that appellant, who was a young man, had been a habitual drunkard since he was about fourteen years old, and that his mind had become diseased to the extent that he was insane, and was not criminally responsible.

The court gave instructions, some of them on the subject of insanity, and no objections thereto were made by or on behalf of appellant. Appellant, however, asked the court to give three instructions, all of which were refused, and the court's ruling in each instance is assigned as error.

The first two instructions on the subject of insanity were clearly embraced in the instructions given, and need not be set out, nor discussed.

The third instruction embraced a statement that "settled insanity which becomes fixed and established as a diseased condition of the mind, produced by habitual intoxication, affects criminal responsibility in the same way as insanity produced by any other cause."

Appellant was entitled to have that phase of the law stated to the jury. Otherwise they might have confused it with the question of responsibility for crime committed while voluntarily intoxicated. The court did, however, give an instruction which we think sufficiently covered that theory. The instruction given was really more favorable, in some respects, than the law justified, but it was, we think, sufficient to convey to the minds of the jury the idea expressed in appellant's instruction which was refused. It told the jury, in effect, that if appellant was insane as defined in the instructions, and that his reason was dethroned to the extent of making him incapable of knowing right from wrong, he would be excused for committing an unlawful killing while under the influence of intoxicants.

Upon the whole, we are convinced that the instructions, when read together, were sufficient to declare the law on the subject of insanity.

Whether all of the instructions given by the court of its own motion were correct, we are not called upon to decide, as no objections were made thereto, and no exceptions saved.

Judgment affirmed.

ON REHEARING.

McCulloch, C. J. Learned counsel for appellant ask us, on petition for rehearing, to reverse the case on the ground of the insufficiency of the evidence, in that it shows conclusively that defendant was insane at the time of the killing.

In the former opinion, we did not discuss that question, as we did not understand that it was a debatable

one, for it appeared quite clear that the evidence was sufficient to warrant the finding that the defendant was not insane at the time he committed the deed. A further consideration of the evidence convinces us that we reached the correct conclusion, and that there was abundant evidence to warrant the submission of the question to the jury.

We are further asked to modify the judgment by appointing a commission to examine into appellant's present mental condition, or remand the case with directions to the circuit court to do so.

The circuit court was not asked either to postpone the trial on account of the mental condition of appellant, or to suspend judgment. The statute provides for such remedy, but it was not invoked. *Duncan* v. *State,* 162 S. W. 573, 110 Ark. 523; *Hodges* v. *State,* 111 Ark. 22.

There is no statute which authorizes this court to permit the institution of such an inquiry here, and it would be an attempt to exercise original jurisdiction for us to direct the inquiry either here or by remanding the case to the circuit court for that purpose.

Motion overruled.