FRANK "SONNY" DAVIS *v.* HENRY M. BRITT, JUDGE

5304                                    420 S. W. 2d 863

Opinion delivered November 27, 1967

*Holt, Park & Holt,* for petitioner.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for respondent.

PAUL WARD, Justice. The question here presented is novel, important and, insofar as we can ascertain, is without direct precedent in this State.

Briefly stated, the question is: Does the judiciary or the State Hospital have the authority to determine the "sanity" or the "insanity" of a person on trial for first degree murder? The material background facts out of which this question arose are set out below.

We now examine the statutes relied on to sustain this contention.

(1)  Ark. Stat. Ann. § 41-108 (Repl. 1964), which reads:

"A lunatic, or insane person without lucid intervals, shall not be found guilty of any crime or misdemeanor with which he may be charged".

(2)  Ark. Stat. Ann. § 41-109 (Repl. 1964), which reads:

"An idiot shall not be found guilty or punished for any crime or misdemeanor".

It is obvious from a casual reading of the above two statutes that they have no bearing on the question here involved. It is not an issue as to whether petitioner can be "found guilty" or "punished" but whether he can be "tried".

(3)  The statute which is the main support for petitioner's contention is Ark. Stat. Ann. § 59-237 (Supp. 1965). The portion of this statute which is pertinent to the issue here reads:

". . . when any person who has been informed against or indicted upon a felony charge and who has been committed to the State Hospital for a mental examination under [Ark. Stats. (1947) § 43-1301] *and has been found to be insane,* the Superintendent shall request a writ of commitment from the judge before whom the case is pending. The request for commitment shall be accompanied by a certificate from the medical staff of the State Hospital setting forth the facts as to the patient's mental condition, and that he is insane; and thereupon the Court before whom the case is pend-

ing shall issue an order of commitment to the State Hospital. *Thereafter such person shall be confined in the State Hospital* until he regains his sanity.'' (Emphasis ours.)

Petitioner, Frank ''Sonny '' Davis, was charged with first degree murder. Upon arraignment January 30, 1967 petitioner entered a plea of ''not guilty by reason of insanity''. Thereupon the trial court committed petitioner to the State Hospital for observation for a period not to exceed thirty days, as provided in Ark. Stat. Ann. § 43-1301 [Repl. 1964.]

On February 28, the Hospital made a written report to the court stating: ''Their diagnosis was: Manic Depressive Reaction, Manic type'', and that petitioner ''was probably mentally ill to the degree of legal ireresponsibility at the time of the alleged commission of his acts''. The report also recommended that the petitioner remain in the Hospital for treatment, and requested the court ''to issue a Writ of Commitment to give the Hospital the legal authority for the petitioner's detention'' under Ark. Stat. Ann. § 59-237 (Supp. 1965).

On March 2, the court asked the Hospital to furnish a statement of its findings, which was done on May 5, but in the meantime the Hospital had asked the court for a commitment since, otherwise, it had no legal authority to hold petitioner.

The trial court refused to re-commit petitioner to the Hospital, and set his trial for August 10, 1967. Previously, however, this ''Petition for a Writ of Prohibition'' wherein this Court is asked to prohibit the circuit court from proceeding with the trial ''until Petitioner has regained his sanity'' had been filed.

*Contention of Petitioner.* It is the contention of petitioner that the trial court is legally bound to recommit him to the Hospital and that, therefore, it has no jurisdiction or authority to proceed with the trial.

We call attention to the words first emphasized above which require interpretation. If they mean "found to be insane" by a trial court, then this petition must necessarily be denied because no such finding has been made by the trial court in this case. Necessarily, therefore, petitioner must have taken the position that the words mean—"found to be insane" by the Hospital personnel. We accept this interpretation, for the purpose of this opinion, as being correct because the statute also says the Writ is requested "from the judge before whom the case is pending". It would appear evident that if the case is "pending" there would have been no final judgment.

We now call attention to the last sentence in the statute which gives the State Hospital the right to retain petitioner until "he regains his sanity". At this point we also call attention to the fact that this is the exact relief which the petitioner here requests.

Consequently this Court is called upon to answer the following question: Is a statute constitutional, which takes away from the judiciary and delegates to a branch of the executive department, the right and power to finally decide whether a person (charged with murder) is "sane" or "insane"? Our answer to the question is "no".

Where a person charged with murder and enters a plea of insanity a *fact* question is presented, and this *fact* question should be, and has uniformly been, decided by a jury in a court of law. See: *Duncan* v. *State*, 110 Ark. 523, 162 S. W. 573; *Wilhite* v. *State*, 158 Ark. 290, 250 S. W. 31; *Green* v. *State*, 222 Ark. 308, 259 S. W. 2d 142, and; *Downs* v. *State*, 231 Ark. 466, 330 S. W. 2d 281. Numerous other cases to the same effect could be cited. Petitioner cites no decision of this Court or any court to the contrary, and our research reveals no such case.

Volume 32 of Corpus Juris at page 756, under the topic of "Insane Persons" deals with "Proof of Sanity or Insanity; Province of Court and Jury". Among other things it is there stated:

"It is presumed in law that all men are sane, and the burden to prove insanity is on the person alleging it," citing cases from sixteen different states.

There are two recent articles in volume 20 of the Arkansas Law Review, one at page 121 and the other at page 398, both dealing with the Burden of Proof of Insanity in criminal cases. The essence and effect of both discussions, insofar as they bear on the issue here, is to require "the defendant to establish his incapacity to the satisfaction of either the court or jury".

It is our conclusion in this case; that the Hospital has no power or legal right to demand custody of petitioner for an indefinite time to be determined by it; and that the trial court cannot, at this stage of the proceedings, be forced to deliver petitioner to the Hospital.

Writ denied.