B. B. McCARLEY *v.* Roy ORR

5-5007                                     445 S. W. 2d 65

Opinion delivered September 15, 1969

[Rehearing denied October 27, 1969]

*Wright, Lindsey & Jennings,* for appellant.

*Sullivan & Causbie* and *Lester & Shults,* for appellee.

GEORGE ROSE SMITH, Justice. Among several issues argued in the briefs a single question is decisive of this litigation: Under § 4 of Act 148 of 1929 may the Governor appoint as a member of the Arkansas Real Estate Commission a person who has not been nominated for the office by the Arkansas Real Estate Association? The trial court answered that question in the affirmative and accordingly upheld the appointment of the appellee Orr, although he had not been recommended for the office by the Association. We agree with that view.

The Arkansas Real Estate Commission was created by Act 148 of 1929. The Arkansas Real Estate Association is an organization composed of those real estate brokers and salesmen who voluntarily join the Association. We quote that part of Act 148 which must be construed in the determination of this case:

> There is hereby created the Arkansas Real Estate Commission, hereinafter called the Commission. The Governor shall appoint from a list of twelve nominees submitted by the Arkansas Real Estate Association three persons whose vocation for a period of at least five years prior to the date of their appointment shall have been that of a real estate broker or a real estate salesman; no two of whom shall be from the same congressional district. One member shall be appointed for a term of one year; one member shall be appointed for a term of two years; one member shall be appointed for a term of three years; and until their successors are appointed and qualified; thereafter the term of the members of said Commission shall be for three years and until their successors are appointed and

qualify. The Governor shall appoint members to fill vacancies whose qualifications shall be the same as hereinbefore provided in this section. [Ark. Stat. Ann. § 71-1303 (Repl. 1957).]

According to the proof, from 1929 through 1950 all the appointments were made from nominees of the Association, but it is not shown how many nominees were submitted each year. From 1951 through 1966 the Association, by agreement with each Governor, annually submitted only a single nominee, who was invariably appointed. Some sort of dispute arose in 1967, but eventually Governor Rockefeller appointed a person nominated by the Association.

In 1968 the Association submitted a slate of four nominees, but the Governor appointed the appellee Orr, whose name was not among the four. This usurpation action was then brought by the appellant, who had been appointed to a three-year term in 1965. He insists that Orr's appointment was invalid and that therefore McCarley should remain in office as a holdover until a qualified successor has been appointed in conformity with the statute.

We will briefly state the reasons for our conclusion that the trial court was right, without quoting various rules of statutory construction that are apt to be little more than platitudes in a case of this kind. First, we do not consider nomination by the Association to be a qualification for the office within the meaning of the last sentence that we have quoted from the statute. The act provides that the Governor "shall appoint from a list of twelve nominees submitted by the Arkansas Real Estate Association three persons whose vocation" for at least five years shall have been that of a real estate broker or salesman, no two of whom shall be from the same Congressional district. In studying this sentence we are inclined to think that the qualifications are the two matters that follow the reference to "three per-

sons.'' In that view the qualifications are to be binding both upon the Association and upon the Governor. Undoubtedly the appellant's construction of the act would have been greatly strengthened had the sentence been arranged differently, such as a declaration that the Governor should appoint three persons who had been nominated by the Association, who had been real estate brokers or salesmen for at least five years, and who all resided in different Congressional districts. But the sentence does not so read.

Secondly, even if the legislature intended for nomination by the Association to be a qualification for the office, the act is deficient in failing to state the number of nominees that must be submitted by the Association each year. It is not likely that the submission of only one name was intended, for in that view the appointment would be made by the Association rather than by the Governor. Arguments might be made in favor of a slate of either four names or twelve names, but in fact the statute simply contains no provision on the subject. We do not feel justified in reading into the act our own guess at what the legislative intention would have been if the draftsman of the act had actually considered the point.

Finally, we are not persuaded that the statutory deficiency has been supplied by the practical construction given to the act by the executive department through the years. It goes without saying that such a practical construction is not binding upon the courts. *Walnut Grove Sch. Dist. No. 6* v. *County Bd. of Education*, 204 Ark. 354, 162 S. W. 2d 64 (1942). Here the only practical construction shown by the proof involved the submission of just one name to the Governor each year. That, as we have indicated, is the least acceptable of any of the suggested solutions to the problem. It is our conclusion that while the legislature may have intended for the annual vacancies to be filled upon the recommendation of the Association, it failed to include

in the act appropriate language to carry such an intention into effect. We are not at liberty to supply by judicial interpretation a procedure which the lawmakers themselves failed to embody in the law.

Affirmed.