Walter SKELTON, Assistant Director of
The Department of Finance and Administration
*v.* B. C. LAND COMPANY, Inc.

75-378                                        539 S.W. 2d 411

Opinion delivered July 6, 1976
[Rehearing denied September 13, 1976.]

*James R. Cooper, H. Ray Hodnett, Robert G. Brockman, Jack East III* and *James R. Eads Jr.,* for appellant.

*Gordon, Gordon & Eddy* and *Partlow & Mayes,* for appellee.

CONLEY BYRD, Justice. Following our decision in *Skelton v. B. C. Land Co.,* 256 Ark. 961, 513 S.W. 2d 919 (1974), denying a net operating loss carryover to B. C. Land Co., appellant Walter Skelton, Assistant Director of the Department of Finance and Administration, filed a certificate of indebtedness and caused an execution to be issued thereon on February 3, 1975. On March 31, 1975, the Govennor signed Act 676 of 1975. Section 1 of Act 676 provided that, for income tax purposes, an acquiring corporation would succeed to any net operating loss carry-over that the acquired corporation could have claimed — *i.e.* it brough the Arkansas income tax law in conformity with the provisions of § 381 and § 382 of the Internal Revenue Code. Sections 2 and 4 of Act 676 provide as follows:

> SECTION 2. The provisions of this Act shall apply to all corporate income returns for income years beginning on or after January 1, 1975, and to all corporate income tax returns filed for years prior to January 1, 1975 which are pending on the effective date of this Act and on which the taxes have not been paid.
>
>    .  .  .
>
> SECTION 4. It is hereby found and determined by the General Assembly that the present corporate income tax law does not permit one domestic corporation which acquires the assets of another domestic corporation to succeed to the net operating loss carry-over of the acquired corporation under any circumstances; that the absence of any such authority creates a serious hardship on some acquiring corporators and that provision should be made as soon as possible for permitting such acquiring corporations to succeed to the net operating loss carry-over of the acquired corporations under specified conditions, and that this Act is designed to accomplish this purpose. Therefore, an emergency is hereby declared to exist and that this Act being

necessary for the immediate preservation of the public peace, health and safety shall be in full force and effect from and after its passage and approval."

Pursuant to a petition filed by appellee on April 2, 1975, the trial court entered a final order on August 20, 1975, holding the certificate of indebtedness to be void. For reversal, appellant makes the following contentions:

"I. Act 676 of 1975 is not applicable to the appellee because his tax return was not pending on the effective date of the Act.

II. The appellee has failed to meet his burden of proof showing his entitlement to this tax deduction.

III. Act 676 of 1975 is inapplicable to the appellee because the rights of the State had vested prior to the effective date of the Act and therefore those rights are protected from legislative invasion."

Under points I and II, *supra*, appellant takes the position that appellee's income tax return was not pending on the effective date of Act 676, *supra*. In this connection appellant would have us construe the phrase "which are pending on the effective date of this Act" to exclude all corporate income tax returns that had become res judicata in the courts. However, Section 2 does not refer to court litigation but to income tax returns. Furthermore, in making this contention appellant ignores the cardinal principle that in construing remedial legislation the courts should do so with appropriate regard to the spirit which prompted its enactment, the mischief sought to be abolished and the remedy proposed, *United States* v. *Colorado Anthracite Co.*, 225 U.S. 219, 32 S. Ct. 617, 56 L. Ed. 1063 (1912) and *Peet* v. *Mills*, 76 Wash. 437, 136 P. 685 (1913). When the provision with respect to pending corporate income tax returns is construed with respect to the mischief sought to be abolished and the remedy proposed, we must agree with the trial court that appellee's corporate income tax return, uoon which a certificate of indebtedness had been filed and an execution issued, was "pending on the effective date of the Act" within the meaning of Section 2 of Act 676, *supra*.

Little need be said as to appellant's contention that appellee has not proven its entitlement to the provisions of Section 2 of Act 676, *supra*. Since appellant has agreed that appellee meets all of the criteria established in Section 1 of the Act, there is no dispute as to the facts.

In making the argument that Act 676 of 1975 was inapplicable to appellee because the rights of the State had become vested prior to the effective date of the Act, appellant relies upon cases involving only the rights of private individuals, *Files, Auditor* v. *Fuller*, 44 Ark. 273 (1884). However, the general rule applicable to individuals does not apply to retroactive legislation impairing a state's own rights, *Greenaway's Case*, 319 Mass. 121, 65 N.E. 2d 16 (1946) and *People ex rel. Clark* v. *Gilchrist*, 243 N.Y. 173, 153 N.E. 39 (1926). A state has no vested rights which are immune from its legislative control, 16 C.J.S. *Constitutional Law* § 243 (1956).

Affirmed.

GEORGE ROSE SMITH, FOGLEMAN and ROY, JJ., dissent.

ELSIJANE T. ROY, Justice, dissenting. I cannot agree with the majority opinion in its determination that the appellee's income tax returns were pending on January 1, 1975.

In construing statutes courts must give words their ordinary and usually accepted meaning in the common language. *Phillips Petroleum Co.* v. *Heath*, 254 Ark. 847, 497 S.W. 2d 30 (1973), and *Hicks* v. *Ark. State Medical Board*, 260 Ark. 31, 537 S.W. 2d 794 (1976).

The ordinary meaning of the word "pending" is "in the period before the decision or conclusion of; remaining undecided; awaiting decision or settlement; unfinished." Random House Dictionary of the English Language, 1967. Another definition is "begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in the process of settlement or adjustment." Black's Law Dictionary, Fourth Edition.

These same definitions have been accepted by the

courts. *U.S.* v. *2049.85 Acres of Land*, 49 F. Supp. 20 (1943); *State* v. *Faircloth*, 34 N.M. 61, 277 P. 30 (1929); *Fireman's Fund Ins. Co.* v. *Jackson*, 161 Ga. 559, 131 S.E. 359 (1926).

In *Davis* v. *Britt*, 243 Ark. 556, 420 S.W. 2d 863 (1967), we stated: "It would appear evident that if the case is 'pending' there would have been no final judgment."

"An action is pending so long as it is still open to *modification, appeal,* or *rehearing,*" i.e., until final judgment is rendered. (Italics supplied.) 1 C.J.S. Action, § 142, p. 1421.

None of the above avenues of relief remained open to appellee, so this cause could not have remained pending. The judgment was final in every sense of the word when the petition for rehearing was denied on October 14, 1972. The majority bases its opinion on the unsound premise that even though the cause has been finally adjudicated the income tax returns were pending. The issues involved and all substantive matters in connection with the income tax returns had long since been resolved. They had been *finally* and completely adjudicated. The only thing pending was payment of the tax due by appellee for the years 1969 and 1970. Not having met the criterion of "pending tax returns" appellee is not entitled to the benefit of the net loss carry-over provision on its 1969 and 1970 returns.

Furthermore, to view the matter in any other light involves the more serious issue of illegal classification. While the legislature has considerable discretion in establishing classifications for the purpose of taxation, this discretion does not extend to setting up a classification which relieves from the tax burden here involved all who have not paid the tax and placing in another category the taxpayers who long ago paid the amounts due on their 1969 and 1970 income tax returns under the loss carry-over provision in effect at that time.

The United States Supreme Court has held many times that states in the exercise of their taxing powers, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. In *Allied Stores of Ohio* v. *Bowers*, 358

U.S. 522, 79 S. Ct. 437, 3 L. Ed. 2d 480 (1958)[1], the Court stated:

> But there is a point beyond which the State cannot go without violating the Equal Protection Clause. The State must proceed upon a rational basis and may not resort to a classification that is palpably arbitrary. The rule often has been stated to be that the classification "must rest upon some ground of difference having a fair and substantial relation to the object of the legislation." *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415; *Louisville Gas & Electric Co. v. Coleman*, 277 U.S. 32, 37; *Airway Electric Appliance Corp. v. Day*, 266 U.S. 71, 85; *Schlesinger v. Wisconsin*, 270 U.S. 230, 240; *Ohio Oil Co. v. Conway*, 281 U.S. 146, 160.

The classification established in this case is arbitrary, discriminatory and has no reasonable relation to an impartial administration of the Arkansas income tax laws.

The majority opinion also states appellant's citations involve "only the rights of private individuals" and that "the general rule applicable to individuals does not apply to retroactive legislation impairing a state's own rights." The opinion also declares that "a state has no vested rights which are immune from legislative control." However, citizens and taxpayers of this state do have rights involved in this case. One is the right to demand that tax burdens be imposed fairly and impartially and that taxes owed be collected in a non-discriminatory manner. To waive collection from appellee on the sole basis of refusal to pay the assessment while collecting from other taxpayers under the old loss carry-over provision of the statute is to place a stamp of approval on the most obvious kind of special legislation and put a premium on delay in payment of taxes instead of a penalty.

For the foregoing reasons I respectfully dissent.

Justice GEORGE ROSE SMITH and Justice FOGLEMAN join in this dissent.

---

[1]Cited with approval in *Kahn v. Shevin*, 416 U.S. 351, 94 S. Ct. 1734, 40 L. Ed. 2d 189 (1974).