Paul RIVIERE, Secretary of State et al
*v.* Joe H. HARDEGREE

82-287                                644 S.W.2d 276

Supreme Court of Arkansas
Opinion delivered January 17, 1983

*Steve Clark,* Atty. Gen., by: *Curtis L. Nebben,* Asst. Atty. Gen., for appellants.

Appellee, *pro se.*

DARRELL HICKMAN, Justice. The determinative question to be answered in this case is whether the General Assembly created one or two separate judicial circuits to serve the area of Garland, Polk and Montgomery Counties. The legislation says that one circuit is called the Eighteenth Circuit-East and consists only of Garland County; the other, named Eighteenth Circuit-West, encompasses Polk and Montgomery Counties. While designating these two "circuits," the General Assembly only made an appropriation for one prosecuting attorney. The Pulaski County Circuit Court held two circuits were created and the constitution requires a separate office of prosecuting attorney for each circuit. The decision was correct.

The suit was tried on a stipulation of facts. Robert "Bob" Ridgeway, a resident of Garland County, Arkansas, was the 1982 Democratic nominee for prosecuting attorney in all three counties. Before 1977, Garland County had been a separate circuit unto itself. Polk and Montgomery Coun-

ties had been in the Ninth Circuit. Act 432 of 1977 (Ark. Stat. Ann. § 22-365 [Supp. 1981]) designated anew the various judicial circuits in the entire state. The relevant portion of Act 432 reads:

> Eighteenth Circuit-East. The Eighteenth Circuit-East shall be composed of the county of Garland. The qualified electors of the Eighteenth Circuit-East shall elect one (1) circuit Judge and one (1) chancellor to serve the Eighteenth Circuit-East, each of whom shall be a resident of the Eighteenth Circuit-East.

> Eighteenth Circuit-West. The Eighteenth Circuit-West shall be composed of the counties of Montgomery and Polk. The qualified electors of the Eighteenth Circuit-West shall elect one (1) circuit-chancery judge to serve the Eighteenth Circuit-West who shall be a resident of the Eighteenth Circuit-West.

> The judges of the Eighteenth Circuit-East and the Eighteenth Circuit-West may by agreement temporarily exchange circuits or hold court for each other, as they deem necessary or appropriate.

While there is no mention of the office of prosecuting attorney for either or both circuits, the General Assembly did make an appropriation for one prosecuting attorney in a separate act. Ark. Stat. Ann. § 24-111 (Supp. 1981).

The Arkansas Constitution plainly requires that each judicial circuit be served by a prosecuting attorney. ARK. CONST. art. 7, § 24 reads:

> The qualified electors of each circuit shall elect a prosecuting attorney, who shall hold his office for the term of two years, and he shall be a citizen of the United States, learned in the law, and a resident of the circuit for which he may be elected.

Therefore, the critical question the trial court had to decide was whether the legislation created separate judicial

circuits. All others questions are necessarily answered. ARK. CONST. art. 7, § 13 reads:

> The State shall be divided into convenient circuits, each circuit to be made of contiguous counties, for each of which circuits a judge shall be elected, who, during his continuance in office, shall reside in and be a conservator of the peace within the circuit for which he shall have been elected.

Act 432 provides in unmistakable language that Eighteenth Circuit-East "shall be composed of Garland County," and that Eighteenth Circuit-West "shall be composed of the counties of Montgomery and Polk." It could not be made more plain that one "circuit" serves Garland County, another circuit Montgomery and Polk Counties.

However, it is argued that the entire area was intended to be only one circuit. That argument is advanced for three reasons: The Act contains language that provides for exchange of circuits by agreement; the fact that an appropriation was made for only one prosecuting attorney, and the way the General Assembly treated a similar situation in the Ninth Circuit. None of those arguments can outweigh the clear language we have quoted. The statute must be given its plain meaning. *Hicks* v. *Arkansas State Medical Board,* 260 Ark. 31, 537 S.W.2d 794 (1976). In the Ninth Circuit there was also created an "East" and "West" Circuit, and language specifically provided that both East and West would be served by one prosecuting attorney. This language was changed by Act 834 of 1979 to provide for one prosecuting attorney for Nine-West and for Nine-East. The fact a similar change was not made regarding Eighteen East and West is cited as evidence the General Assembly intended to create only one circuit named the Eighteenth Judicial Circuit. We do not have before us any question about the Ninth Circuit and the mere fact the legislation is silent about a prosecuting attorney for the two Eighteenth Circuits is irrelevant. Two circuits were created and ARK. CONST. art. 7 § 24 requires each circuit have an office of prosecuting attorney. This provision is self-executing. *Rockefeller* v. *Hogue,* 244 Ark. 1029, 429 S.W.2d 85 (1968).

Consequently, the other questions raised are easily answered. Joe H. Hardegree was duly qualified as a write-in candidate for prosecuting attorney in Polk and Montgomery Counties, and received the most votes of any write-in candidate. Although Robert "Bob" Ridgeway from Garland County received far more votes in those counties as the Democratic nominee, he was not eligible to run or serve in those two counties, which are a separate judicial circuit from the one in which Ridgeway resides. Therefore, the trial court was correct in declaring that the Secretary of State must certify Joe H. Hardegree as prosecuting attorney for the Eighteenth Circuit-West.

Affirmed.