Erwin R. Lax, O.D. President, Arkansas State Board of Optometry 211 Hobson Avenue Hot Springs, AR 71901
Dear Dr. Lax:
This is in response to your request for an opinion, on behalf of the Arkansas State Board of Optometry, on the following questions:
 1. Does Arkansas statute allow an optometrist to provide eye care after surgery (post operative care) during the healing process?
 2. After surgery, if the operating surgeon refers the patient to an optometrist to provide post operative care during the healing process, is this mode of practice legal in Arkansas?
 3. Can the Arkansas State Medical Board legally require an operating surgeon to refer a patient for post operative care only to another physician thus disallowing an optometrist from providing this care?
If the eye care falls within the "practice of optometry", as defined under A.C.A. 17-89-101(a) (Supp. 1989), it is my opinion that the answer to your first question is "yes." This determination will depend upon the particular procedures that are performed as part of the post-operative care. Section17-89-101(a) (Supp. 1989) defined the practice of optometry" as" . . . the examination, diagnosis, and treatment of conditions of the human eye, lid, adnexa, and visual system, including the removal of superficial foreign bodies from the cornea, conjunctiva, lid, or adnexa, but shall exclude other surgery of the lid, adnexa, or visual system. Optometry shall include utilizing any method or means which the licensed optometrist is educationally qualified to provide, as established and determined by the Arkansas State Board of Optometry. . . . The practice of optometry does not include laser surgery or the administration of any drug by injections, the use of oral drugs, the use of controlled drugs, and the sale of prescription drugs, with the exception of contact lenses.
17-89-101 (Supp. 1989) states:
 Any person who analyses or determines any optical defect, deficiency, or deformity, or visual or muscular anomaly of the visual system, or who measures the curvature of the human cornea, or who prescribes, dispenses, adapts, or duplicates lenses, prisms, or ocular exercises for the correction, relief, or aid of the visual functions, or who prescribes, adapts, fits, duplicates, dispenses, modified, or supplies contact lenses, or holds himself out as being able to do so, shall be deemed to be engaged in the practice of optometry.
To the extent that the methods or means employed as part of the post-operative care fall within the above definition, such procedures may reasonably be performed by an optometrist. The fact that the procedure(s) form a part of eye care after surgery is not, in my opinion, determinative. The term "surgery" is not defined under the Code provisions governing the practice of optometry, nor is it defined under the Arkansas Medical Practices Act (A.C.A. 17-93-201 et seq. — 17-93-401 et seq.) The Arkansas Supreme Court has, however, cited to Webster's New International Dictionary (2nd Ed.) for the following definition:
 That branch of medical science, art, and practice, which is concerned with the correction of deformities and defects, the repair of injuries, the diagnosis and cure of diseases, the relief of suffering, and the prolongation of life, by manual and instrumental operations.
Hicks v. Ark. State Medical Bd., 260 Ark. 31, 45, 537 S.W.2d 794
(1976). See also, 70 C.J.S. Physicians and Surgeons 3 (1987) ("The practice of surgery is limited to manual operations usually performed by surgical instruments or appliances.")
We cannot conclude, in the absence of evidence of legislative intent to the contrary, that the exclusion of "surgery of the lid, adnexa, or visual system" from the definition of optometry under17-89-101(a) will generally preclude an optometrist from providing eye case after surgery.[1] It is significant to note in this regard that the practice of optometry is specifically exempted from the licensing requirements under the Arkansas Medical Practices Act. See A.C.A. 17-93-202(3). The privileges and practices of optometry are not limited or restricted by that act. Id.
In response to your second question, it must be noted that the Arkansas Medical Practices Act does not purport to regulate the practice of optometry, as defined by law. A.C.A. 17-93-203(3). since optometrists are exempted from the licensing requirements under the Medical Practices Act, such a referral would appear to be proper, so long as the procedures performed as part of the post-operative care fall within the definition of optometry. See discussion above., This will involve a factual determination.
With regard to your final question, it is my opinion that such a requirement would be outside the Arkansas State Medical Board's (Board") legal authority to the extent that it operates to prevent optometrists from performing functions which they are licensed to perform. The requirement would, in my opinion, be unenforceable to that extent.
This conclusion is compelled by the exemption extended under the Medical Practices Act to the practice of, inter alia, optometry. Section 17-93-203(3) states in pertinent part as follows:
 Nothing here shall be construed to prohibit or to require a license with respect to any of the following acts:
* * *
 (3) The practice of the following professions, as defined by the laws of this state, which subchapters 2-4 of this chapter [A.C.A. 17-93-201 et seq. — 17-93-401 et seq.] are not intended to limit, restrict, enlarge, or alter the privileges and practice of, as provided by the laws of this State:
* * *
(c) Optometry.
The Arkansas State Medical Board is created, and its powers and duties are Established, under subchapter 3 of Chapter 93 of Title 17 (A.C.A. 17-93-301 et seq.) Section 17-93-303(2) states that the Board shall "[h]ave the authority to promulgate and put into effect such rules and regulations as are necessary to carry our the purposes of subchapters 2-3 of this chapter and the intentions expressed therein." Since subchapters 2-4, from which the Board's authority is derived, are not meant ". . . to limit, restrict, enlarge, or alter the privileges and practice of . . . optometry," it must be concluded that the Board lacks the authority to prohibit optometrists from performing their licensed practices. While there may be instances in which a requirement such as that posed under your third question would be proper, the application of such a blanket requirement to optometrists would, in my opinion, be subject to challenge in the absence of some definition of the scope of that care. Services that are within the scope of the practice of optometry are not, in my opinion, subject to regulation by the Board.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] As previously noted, however, the care to be provided must be considered in each instance in order to determine whether the particular procedures involved in the post-operative care fall within the definition of optometry.