Timothy LEATHERS, In His Official Capacity as
Commissioner of Revenues, Arkansas Department of Finance
and Administration, Office of Driver Control *v.* William W.
COTTON

97-619                                               961 S.W.2d 32

Supreme Court of Arkansas
Opinion delivered February 26, 1998

*Daniel S. Smith*, for appellant.

*Ray Hodnett*, for appellee.

ANNABELLE CLINTON IMBER, Justice. This case presents a question of statutory interpretation. It specifically concerns the effect of a final adjudication of a lesser-included DWI offense on the administrative suspension of a driver's license.

The undisputed facts are as follows. On October 26, 1994, Cotton was convicted of DWI first offense in Fort Smith Municipal Court. On October 13, 1996, Cotton was charged with DWI second offense in Van Buren Municipal Court. Pursuant to Ark. Code Ann. § 5-65-104 (Repl. 1997), Cotton's license was temporarily suspended by the Office of Driver Services of the Revenue Division of the Department of Finance & Administration, and Cotton subsequently exercised his right to an administrative hearing. Cotton, a sales manager for a distributing company, would lose his job without a driver's license or a permit. While he did not contest the suspension of his license, he did request a work permit due to hardship. Following a hearing on October 28, 1996, the hearing officer found that there had been a violation of Act 802 of 1995, and imposed second-offense sanctions, suspending Cotton's license for sixteen months, and denying the work permit "as it [was] more than DWI 1st offense within three years."

On November 14, 1996, Cotton filed a petition for *de novo* review in Sebastian County Circuit Court pursuant to section 5-

65-104(c). On January 8, 1997, the Van Buren Municipal Court found Cotton guilty of DWI first offense. Given that the municipal court had acquitted him of DWI second offense, Cotton asserted that the trial court now had jurisdiction to issue a work permit in the administrative review proceeding. Following a hearing on the matter, the trial court entered an order finding that Cotton's acquittal on the DWI second-offense charge in municipal court had "turned this charge into a First Offense Driving While Intoxicated." The court further found that "[s]ince this is a First Offense Driving While Intoxicated case by finding of the Van Buren Municipal Court, the Office of Driver Control cannot suspend the Plaintiff's drivers license for sixteen (16) months." Accordingly, the trial court ordered DF&A to suspend Cotton's license for 120 days "for Driving While Intoxicated, First Offense, in accordance with the Judgment of the Van Buren Municipal Court." Because this time period had already expired given the effective date of suspension, October 28, 1996, the trial court ordered Cotton's license reinstated. DF&A brings the present appeal.

DF&A's sole argument for reversal is that the trial court erroneously interpreted section 5-65-104. Specifically, DF&A contends that the municipal court's acquittal on DWI second offense did not preclude it from considering the DWI first-offense conviction in calculating the total number of offenses for imposition of second-offense sanctions under section 5-65-104.

Administrative suspension or revocation of driver's licenses, which constitutes a remedial civil sanction, see *Pyron v. State*, 330 Ark. 88, 953 S.W.2d 874 (1997), is primarily governed by section 5-65-104. When DF&A initially suspends or revokes the driving privilege of a person arrested for DWI violating Ark. Code Ann. § 5-65-103 (Repl. 1997), "[t]he suspension or revocation shall be based on the number of previous offenses as follows:"

> (A)(i) Suspension for one hundred twenty (120) days for the first offense of operating or being in actual physical control of a motor vehicle while intoxicated or while there was one-tenth of one percent (0.1%) or more by weight of alcohol in the person's blood, § 5-65-103;

\* \* \*

(B)(i) Suspension for sixteen (16) months, during which no restricted permits may be issued, for a second offense of operating or being in actual physical control of a motor vehicle while intoxicated or while there was one-tenth of one percent (0.1%) or more by weight of alcohol in the person's blood, § 5-65-103, within three years of the first offense.

Ark. Code Ann. § 5-65-104(a)(4)(A)–(B). In determining the number of previous offenses a person has in considering suspension or revocation, the Office of Driver Services is required to "consider as a previous offense:"

(A) Any convictions for offenses of operating or being in actual physical control of a motor vehicle while intoxicated . . . under § 5-65-103 or refusing to submit to a chemical test under § 5-65-202 which occurred prior to July 1, 1996; and

(B) Any suspension or revocation of driving privileges for arrests for operating or being in actual physical control of a motor vehicle while intoxicated . . . under § 5-65-103 or refusing to submit to a chemical test under § 5-65-202 occurring on or after July 1, 1996, where the person was not subsequently acquitted of the criminal charges.

Ark. Code Ann. § 5-65-104(a)(9)(A)–(B). If in a criminal case, a court of law renders any decision "arising from any violation of § 5-65-103," an acquittal "on the charges" will reverse the administrative suspension or revocation of the driver's license suspended or revoked. Ark. Code Ann. § 5-65-104(d)(2)(B).

██ The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. *Mountain Home Sch. Dist. v. T.M.J. Bldrs.*, 313 Ark. 661, 858 S.W.2d 74 (1993). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.*

██ In determining the number of "previous offenses" on which to base its sanction, DF&A is clearly directed to include

"*[a]ny convictions*" for offenses under section 5-65-103. Ark. Code Ann. § 5-65-104(a)(9)(A) (emphasis added). Under this provision, it is obvious that two separate convictions of DWI first offense, both violations of section 5-65-103, should be counted as two "previous offenses." However, the crux of this case is the effect, if any, of the municipal court's acquittal on the DWI second offense charge in light of section 5-65-104(d)(2)(B). Cotton's position is that this acquittal of DWI second offense precludes DF&A from relying on the DWI first-offense conviction as a basis for imposition of second-offense sanctions. In other words, he was "acquitt[ed] on the charges" as that phrase is used in section 5-65-104(d)(2)(B), requiring reversal of the administrative suspension.

■ We must reject Cotton's argument because it fails to take into consideration that DWI first offense is just as much a violation of section 5-65-103 as is DWI second offense. The difference is only one of quantity. *See McElhanon v. State*, 329 Ark. 261, 948 S.W.2d 89 (1997); *State v. Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984). While the Van Buren Municipal Court acquitted Cotton of DWI second offense, it certainly did not acquit Cotton of the "charge" of violating section 5-65-103. Once the municipal court convicted Cotton of DWI first offense, he simply had two separate convictions of violating section 5-65-103: one on October 26, 1994, and the other on January 8, 1997. Pursuant to section 5-65-104(a)(9)(A), DF&A was required to consider both of these violations of section 5-65-103 as "previous offenses." There was no "acquittal on the charges" under section 5-65-104(d)(2)(B) because the municipal court never acquitted Cotton of violating section 5-65-103. Given that there was no such acquittal, the decision of the Van Buren Municipal Court had no effect on the administrative suspension. Accordingly, we conclude that the trial court erred in finding that DF&A could not suspend Cotton's license for sixteen months.

■ As an alternative theory for affirmance, Cotton makes the assertion that "[i]f the Appellant's contention is allowed to stand it would constitute an unlawful delegation of judicial power to the executive branch." His sole citation to authority to support this contention is *Davis v. Britt*, 243 Ark. 556, 420 S.W.2d 863

(1967), where this court held that a statute allowing the state hospital to retain a defendant in custody until he was determined "sane" was an unconstitutional delegation of judicial power to the executive branch. We fail to see how *Davis* is apposite to the present case. Moreover, section 5-65-104 ultimately leaves the factual determination of whether there has been a violation of section 5-65-103 in the hands of the judiciary.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.