The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701-0336
Dear Representative Dawson:
You have requested an Attorney General's opinion in response to the following questions:
 (1) What coverage are retirees entitled to retain under the authority of A.C.A. §§ 24-12-128 and -129? (For example, would they be entitled to retain dental and vision coverage and life insurance coverage?)
 (2) If the person had dependent coverage prior to retirement, may he retain the coverage for dependents after retirement?
 (3) In regard to subdivision A and B of Medicare, is the health care plan retained by retirees a primary or secondary coverage?
 (4) How does continuation of coverage under A.C.A. §§ 24-12-128 and -129 affect COBRA?
RESPONSE
Before proceeding to address your specific questions, I will set forth the provisions of A.C.A. §§ 24-12-128 and -129. Those statutes state:
24-12-128. County officials and employees.
 When any county official or county employee retires and, either, is fifty-five (55) years or older and vested in the County Division of the Arkansas Public Employees' Retirement System, or has thirty (30) or more years of actual service or thirty-five (35) years of credited service in the County Division of the Arkansas Public Employees' Retirement System regardless of age, the official or employee may continue to participate in the county health care plan as long as the official or employee pays both employer and employee contributions to the health care plan.
 24-12-129. Municipal officials and employees.
 When any municipal official or municipal employee age fifty-five (55) or over, who has completed twenty (20) years of service to the municipality and who is vested in the retirement system retires, the official or employee may continue to participate in the municipality's health care plan, receiving the same medical benefits and paying the same premium as active employees as long as the retired official or employee pays both employer and employee contributions to the health care plan.
A.C.A. § 24-12-128 and -129.
Question 1 — What coverage are retirees entitled to retain under theauthority of A.C.A. §§ 24-12-128 and -129? (For example, would they beentitled to retain dental and vision coverage and life insurancecoverage?)
It is my opinion that the coverage retained by retirees under the authority of A.C.A. §§ 24-12-128 and -129 will depend upon the coverage that was provided by the particular plan in which they participated prior to retirement.
I must note that the Arkansas courts have not addressed the question you have raised or interpreted the provisions of A.C.A. § 24-12-128 and -129 in a published opinion. We therefore do not have the benefit of judicial guidance in responding to your question. Nevertheless, the language of these statutes is unambiguous, and can therefore be interpreted just as it reads, with the words being given their ordinary meaning in common usage. Leathers v. Cotton, 332 Ark. 49, 961 S.W.2d 32 (1998).
The language of both statutes allows retirees to "continue to participate" in the health care plan that is provided by their employers. The ordinary meaning of this language indicates clearly that retirees may participate in the health care plan in the same manner as they had participated prior to retirement. The provisions of A.C.A. § 24-12-129
make this explicit, stating that retirees are entitled to receive the same medical benefits as active employees and that they are to pay the same premium as active employees.
Accordingly, the specific coverage that retirees are entitled to retain will depend upon the coverage provided by the particular health care plan. If the county or municipal health care plan includes dental, vision, and life coverage, such coverage may be retained by the retiree. It should also be noted that A.C.A. § 24-12-130 allows municipalities to provide greater benefits than are provided for in A.C.A. § 24-12-129.
Question 2 — If the person had dependent coverage prior to retirement,may he retain the coverage for dependents after retirement?
It is my opinion that if the terms under which the retiree participated in his or her employer's health care plan allowed dependent coverage prior to retirement, the retiree can retain dependent coverage after retirement.
This conclusion is based upon the unambiguous language of A.C.A. §§24-12-128 and -129, both of which allow the retiree to "continue to participate" in the employer's health care plan. As indicated in response to Question 1, the plain meaning of this language is that the retiree can participate in the health care plan after retirement in the same manner that he or she participated in the plan before retirement. If the individual's participation in the health care plan prior to retirement allowed him or her to obtain dependent coverage, then participation after retirement will allow the same.
Question 3 — In regard to subdivision A and B of Medicare, is the healthcare plan retained by retirees a primary or secondary coverage?
Your question appears to reference the "Medicare Secondary Payer Statute," which is codified at 42 U.S.C. 1395y. This statute relieves Medicare of primary payer status in instances where coverage is legally required by certain alternative plans. By its terms, the Medicare Secondary Payer Statute applies only to individuals who have "current employment status." See 42 U.S.C. § 1395y(b)(1)(A)(i). The term "current employment status," as used in the statute, is defined in the statute as follows: "An individual has `current employment status' with an employer if the individual is an employee, is the employer, or is associated with the employer in a business relationship."42 U.S.C. § 1395y(b)(1)(E)(ii). This definition does not squarely address the question of whether retirees are deemed to have "current employment status" for purposes of the statute. However, several courts have addressed the question, either directly or indirectly. All courts that have done so in published opinions have held (or recognized) that retirees do not have "current employment status" and that therefore, the Medicare Secondary Payer Statute does not apply to them. That is, Medicare does not have automatic secondary payer status with regard to retirees who are covered by other health care plans. See, e.g., Hammackv. Baroid Corp., 142 F.3d 266 (5th Cir. 1998); Santana v. Deluxe Corp.and John Hancock Mutual Life Ins. Co., 1998 W.L. 293752 (D. Mass. 1998);Medicare Beneficiaries' Defense Fund v. Empire Blue Cross Blue Shield,938 F. Supp. 131 (E.D.N.Y. 1996); Perry v. Metropolitan Life Ins. Co.,852 F. Supp. 1400 (M.D. Tenn. 1994), rev'd on other grounds Perry v.United Food and Commercial Workers District Unions 405 and 442,64 F. 3d 238 (1995). The coverage provided for in A.C.A. § 24-12-128 and -129 would be an alternative plan of this nature. Generally speaking, such plans are deemed to be secondary to Medicare, with regard to retirees.
Question 4 — How does continuation of coverage under A.C.A. §§ 24-12-128and -129 affect COBRA?
It is my opinion that the provisions of A.C.A. § 24-12-128 and -129 are consistent with the requirements of the Consolidated Omnibus Budget Reconciliation Act (COBRA) (29 U.S.C. §§ 1161 et seq.).
COBRA requires that employers provide continued health insurance coverage to employees who would otherwise lose coverage as a result of certain "qualifying events." See 29 U.S.C. § 1161. The provisions of A.C.A. §24-12-128 and -129 appear to require, by way of state law, what is already required by federal law.
An issue that may be of concern is the effect of the availability of Medicare coverage under the Medicare Secondary Payer Statute, discussed previously. As noted in response to Question 3, the coverage provided pursuant to A.C.A. § 24-12-128 and -129 is, generally speaking, secondary to Medicare coverage. This fact may give rise to concern because of the fact that under COBRA, continuation coverage generally ceases when a participant becomes eligible for Medicare. See 29 U.S.C. §§ 1162 and 1163(4). However, COBRA makes a specific exception to this general rule, providing that it does not apply to retirees.29 U.S.C. § 1162(2)(D)(ii). That is, the requirement of continued coverage under COBRA does not cease because of the fact that a retiree becomes eligible for Medicare. See Blue Cross Blue Shield of Texas v. Shalala,995 F.2d 70 (5th Cir. 1993).
I therefore conclude that the provisions of A.C.A. § 24-12-128 and -129 are consistent with COBRA, and are not affected by the availability of Medicare coverage under the Medicare Secondary Payer Statute.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh