The Honorable Joe Molinaro State Representative 204 Amber Oaks Drive Sherwood, Arkansas 72120-2200
Dear Representative Molinaro:
You have requested an Attorney General opinion concerning unused sick leave for law enforcement officers.
You have presented the following questions:
 (1) Does the part of A.C.A. § 14-52-107(a)(2) which reads" in no event to exceed a maximum accumlation of ninety (90) days, except for the purpose of computing years of service for retirement purposes" allow officers to continue to bank sick leave beyond the ninety-day limit, which could only be used to fulfill time required for retirement?
 (2) Does A.C.A. § 14-52-107(c) require that all officers be paid for sick leave when they leave employment, or do officers who leave employment for any reason other than retirement or death forfeit all unused sick leave?
RESPONSE
Question 1 — Does the part of A.C.A. § 14-52-107(a)(2) which reads "in noevent to exceed a maximum accumlation of ninety (90) days, except for thepurpose of computing years of service for retirement purposes" allowofficers to continue to bank sick leave beyond the ninety-day limit,which could only be used to fulfill time required for retirement?
It is my opinion that under the provisions of A.C.A. § 14-52-107(a)(2), officers may not use any accrued sick leave — either up to or beyond ninety days — for the purpose of fulfilling credited service requirements for retirement.
A.C.A. § 14-52-107(a) states:
 (a)(1) From and after April 11, 1969, all law enforcement officers, regardless of their titles, such as city marshal, employed by cities of the first and second class or incorporated towns shall accumulate sick leave at the rate of twenty (20) working days per year beginning one (1) year after the date of employment.
 (2) If unused, sick leave shall accumulate to a maximum of sixty (60) days unless the city or town, by ordinance, authorizes the accumulation of a greater amount, in no event to exceed a maximum accumulation of ninety (90) days, except for the purpose of computing years of service for retirement purposes.
A.C.A. § 14-52-107(a).
I have consistently interpreted the phrase "except for the purpose of computing years of service for retirement purposes," as used in the above-quoted statutory section, to mean that although sick leave can be accumulated, unused accumulated sick leave cannot be counted as credited service when calculating years of service as an officer for retirement purposes. See Ops. Att'y Gen. Nos. 95-041; 93-188; 91-217. My reasoning in reaching this conclusion has been based in large part upon the fact that the phrase is set off from the preceding sections with a comma, thus indicating that it was intended to modify all preceding sections. See 2A Sutherland Stat. Const. § 47.33 (4th ed.) and 82 C.J.S. Statutes § 334 (1953). I continue to interpret the phrase in this manner.
Under this interpretation, the exception created is an exception to all accumulation of sick leave. That is, sick leave can be accumulated, but none of that accumulated sick leave can be used for the purpose of calculating credited service for retirement.
It should be noted, however, that under A.C.A. § 24-11-422 and A.C.A. §24-11-818, officers who are members of local pension funds can use accumulated sick leave up to ninety days for the purpose of calculating retirement benefits. These statutes (which are part of the set of statutes governing local pension funds) establish retirement benefits for police officers and firemen who are members of local funds, calculated on the basis of the individual's "salary." Both provisions define the term "salary" to include sick leave that has accumulated up to ninety days. These statutes state in pertinent part:
 The term "salary" may include the payments to [fire fighters] [a police officer] for unused accrued sick leave not to exceed ninety (90) work days recorded on the records of the city or town as of the [fire fighter's] [officer's] date of retirement. . . .
A.C.A. § 24-11-818 and A.C.A. § 24-11-422.
On the basis of this plain statutory language, I conclude that police officers and firemen who are members of local pension funds may use accrued sick leave up to ninety days for the purpose of calculating retirement benefits. However, these statutory sections do not authorize the use of accumulated sick leave for the purpose of calculating years of credit service for retirement purposes. They may only be used to raise the salary used in the calculation.
Question 2 — Does A.C.A. § 14-52-107(c) require that all officers be paidfor sick leave when they leave employment, or do officers who leaveemployment for any reason other than retirement or death forfeit allunused sick leave?
It is my opinion that officers who leave employment for any reason other than retirement or death forfeit their unused sick leave.
This conclusion is based upon the plain and unambiguous language of A.C.A. § 14-52-107(c), which states:
 (c) If, at the end of his term of service, upon retirement or death whichever occurs first, any police officer has unused accumulated sick leave, he shall be paid for this sick leave at the regular rate of pay in effect at the time of retirement or death. Payment for unused sick leave in the case of a police officer, upon retirement or death, shall not exceed sixty (60) days salary unless the city, by ordinance, authorizes a greater amount, but in no event to exceed ninety (90) days salary.
A.C.A. § 14-52-107(c).
The statute very clearly limits its applicability to officers who retire or who die. Moreover, no other statute makes provision for payment for unused sick leave to officers who have left employment for reasons other than retirement or death.
One of the most basic rules of statutory interpretation is that if statutory language is unambiguous, the words of the statute should be given their plain meaning in common and ordinary usage. See Leathers v.Cotton, 332 Ark. 49, ___ S.W.2d ___ (1998).
Under this rule of interpretation, I must read A.C.A. § 14-52-107(c) to be limited to officers who retire or who die. That is, only officers who retire or who die are entitled to be paid for unused sick leave. Accordingly, I conclude that officers who leave employment for any reason other than retirement or death will forfeit their unused sick leave. See
Ops. Att'y Gen. Nos. 96-145; 94-395; 94-354; 92-343.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh