The Honorable M. Dee Bennett, Ph.D. State Representative P.O. Box 17033 North Little Rock, Arkansas 72117
Dear Representative Bennett:
You have requested an Attorney General opinion concerning the appropriate retirement system for certain transferred state employees. You indicate that the directors of the Department of Workforce Education and the Department of Information Services recently agreed to transfer certain employees from the Department of Workforce Education to the Department of Information Services, for the purpose of eliminating the duplication of certain services. Some of the transferred employees were participants in the Alternate Retirement Plan, a plan that is made available to employees of the Department of Workforce Education (among others).[1] Employees of the Department of Information Services are required to participate in the Arkansas Public Employees Retirement System.
In light of the foregoing scenario, you have asked:
 Do employees who are transferred from the Department of Workforce Education to the Department of Information Systems have the option to remain in the Alternate Retirement Plan, or must they switch to the Public Employees Retirement System?
It is my opinion that the employees in question must participate in the Public Employees Retirement System.
The provisions of A.C.A. § 24-4-301 require that state employees [as defined in A.C.A. § 24-4-101(7)] be members of the Public Employees Retirement System. The statute also states certain exceptions, identifying certain state employees who are not required to participate in the Public Employees Retirement System. Employees of the Department of Information Services fall squarely within the definition of "employees" that is set forth in A.C.A. § 24-4-101(7), and they do not fall within any of the exceptions stated in A.C.A. § 24-4-301.
Similarly, the provisions of A.C.A. § 24-2-302 designate the particular state retirement systems in which various classifications of state employees must participate. Under that designation, employees of the Department of Information Services must participate in the Public Employees Retirement System. See A.C.A. § 24-2-302(4).
The above-cited provisions are unambiguous. The Arkansas Supreme Court has held many times that unambiguous statutory language should be interpreted just as it reads. See, e.g., Leathers v. Cotton,332 Ark. 49, 961 S.W.2d 49 (1998). Accordingly, I conclude that all employees of the Department of Information Services — even those who previously participated in the Alternate Retirement Plan as employees of the Department of Workforce Education — must participate in the Public Employees Retirement System. Of course, the benefits for which these employees have already vested in the Alternate Retirement Plan cannot be impaired. Moreover, the time served by these employees in the Alternative Retirement Plan (or any other reciprocal plan) will count toward their vesting in the Public Employees Retirement System. See A.C.A. § 24-3-206(a)(1)(A); 24-2-4-1(1).
Along this line, I also note that an argument could be made that to require these employees to stop participating in the Alternate Retirement Plan would constitute an unconstitutional impairment of contract. See
Ark. Const., art. 2, § 17; U.S. Const., art. 1, § 10. I have considered this argument and have rejected it. The constitutional prohibition against the impairment of contract rights protects continuing contractual rights. The employees who were transferred to the Department of Information Services from the Department of Workforce Education had a contractual right to participate in the Alternate Retirement Plan only as long as they were employed by the Department of Workforce Education. And they did not have a continuing contractual right to be employed by the Department of Workforce Education. Therefore, their contractual right to participate in the Alternate Retirement Plan ceased when they ceased being employed by the Department of Workforce Education. I must therefore conclude that the constitutional prohibition against the impairment of contract does not extend to this situation.
Accordingly, it is my opinion that the employees who were transferred from the Department of Workforce Education to the Department of Information Services must participate in the Public Employees Retirement System.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The "Alternate Retirement Plan" is set forth in A.C.A. § 24-7-901et seq. The plan was originally made available to employees of the Vocational and Technical Education Division of the Department of Education (among others). The Vocational and Technical Education Division of the Department of Education was later transferred to the Department of Workforce Education. The transfer was authorized by Act 803 of 1997
[codified at A.C.A. § 25-6-304]. That Act specified that the transfer would not affect any rights or benefits of the employees of the Division, including retirement benefits. Therefore, the Alternate Retirement plan is available to employees of the Department of Workforce Education.