The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143-5331
Dear Senator Beebe:
You have requested an Attorney General opinion concerning the provisions of A.C.A. § 14-51-301(b)(1). That statute was amended by Act 542 of 1997
so as to reinstate a maximum age requirement that had previously been a part of the statute, but had been repealed in 1995. As amended byAct 542 of 1997, the statute currently states:
 (b)(i) No person shall be eligible for appointment to any position on the fire department who has not arrived at the age of twenty-one (21) years or who has arrived at the age of thirty-two (32) years. . . .
A.C.A. § 14-51-301(b)(i) [Act 542 of 1997 (House Bill 1629)].
Regarding the above-quoted provision, you have asked the following questions:
 (1) Does this provision apply only to cities that are under a civil service commission?
 (2) Could a city of the first class hire a person who is 18 years of age or over 32 years of age?
 (3) Did any federal law precipitate Act 542 of 1997 (or House Bill 1629)?
RESPONSE
Question 1 — Does this provision apply only to cities that are undercivil service commissions?
It is my opinion that A.C.A. § 14-51-301 does apply only to cities in which there is a civil service commission for the local fire and police departments.
I base this conclusion on the fact that A.C.A. § 14-51-301 is a statute that is explicitly directed towards the boards of municipal fire and police civil service commissions. Act 542 of 1997, cited above, also points out this fact, referring to "Subdivision (b)(1) of Arkansas Code §14-51-301, regarding the rules and regulations for municipal police and fire civil service commissions. . . ." Acts 1997, No. 542, § 1.
A.C.A. § 14-51-301 directs the boards of municipal fire and police civil service commissions to make certain rules and regulations for their fire and police departments. This direction clearly could have no applicability to cities in which there is no fire or police civil service commission.
Question 2 — Could a city of the first class hire a person who is 18years of age or over 32 years of age?
It is my opinion that a city of the first class that has a civil service commission for its fire department could not hire a person who is 18 years of age (or any age under 21), and it could not hire a person who is 32 years of age or older. The provisions of A.C.A. § 14-51-301 would govern such a city. The unambiguous language of that statute explicitly prohibits civil service commissions for municipal fire departments from hiring persons who are under 21 years of age or who are 32 years of age or older. The Arkansas Supreme Court has held many times that unambiguous statutory language should be interpreted just as it reads. See, e.g.,Leathers v. Cotton, 332 Ark. 49, 961 S.W.2d 49 (1998).
If the city in question does not have a civil service commission for its fire department, the city will not be bound by the requirements of A.C.A. § 14-51-301. In that city, the issue of age limitations on hiring into the fire department is one that must be decided by the local body that governs the fire department. State law does not create age limitations for fire departments in cities without civil service commissions.
Question 3 — Did any federal law precipitate Act 542 of 1997 (or HouseBill 1629)?
The text of Act 542 of 1997 does not make reference to any federal law, nor does it otherwise indicate any particular factor that may have precipitated the amendment. However, it is possible that the reinstatement of these age limitations may have come about in response to a 1996 amendment to the federal Age Discrimination in Employment Act (ADEA). Under the 1996 amendment to that Act, which is codified at29 U.S.C. § 623(j), local government employers are not prohibited from refusing to hire on the basis of age if the refusal to hire was based on a state or local law enacted after September 30, 1996.
This amendment to the ADEA may well have precipitated the enactment ofAct 542 of 1997 [House Bill 1629].
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh