The Honorable Sam E. Angel, II State Representative P.O. Box 748 Lake Village, Arkansas 71653-0748
Dear Representative Angel:
You have requested an Attorney General opinion on the following question:
 What authority does a county park board, created by county ordinance pursuant to A.C.A. § 14-14-705, have to contract outside services and control the operation of the county park?
Assuming that the park board was properly created by county ordinance pursuant to A.C.A. § 14-14-705, it is my opinion that under state law, this board has full authority to contract for outside services, subject, of course, to the purchasing procedures that are imposed by state law upon counties, and subject to any constitutional strictures concerning counties. It is my opinion further that the board has full authority to control the operation of the county park.
Both the issue of the board's power to contract and the issue of the board's power to control the operation of the park are addressed by A.C.A. § 14-14-705.
With regard to the board's power to contract, the statute states:
 A county quorum court, by ordinance, may establish county advisory or administrative boards for the conduct of county affairs.
* * *
(2) ADMINISTRATIVE BOARDS.
 (A) Administrative boards may be established to exercise administrative powers granted by county ordinance, except that the board may not be authorized to pledge the credit of the county. The administrative board shall be a body politic and corporate, with power to contract and be contracted with and sue and be sued.
A.C.A. § 14-14-705(2)(A) (emphasis added).
The above-quoted language is unambiguous. The Arkansas Supreme Court has often held that unambiguous statutory language should be interpreted just as it reads, giving the language of the statute its ordinary meaning in common usage. Leathers v. Cotton, 332 Ark. 49, 961 S.W.2d 49 (1998). The language of A.C.A. § 14-14-705(2)(A) is unambiguous. I must therefore conclude that any board created pursuant to that statute, such as the county park board that you have described, does have the power to contract for outside services.
The board must, of course, comply with the bidding procedures and other purchasing requirements that are imposed upon counties by state law, as set forth in A.C.A. § 14-22-101 et seq. The board is also subject to the strictures of the Arkansas Constitution concerning counties. Among the most pertinent of these constitutional strictures is the prohibition against the lending of the county's credit. See Ark. Const., art. 16, §1. See also Ark. Const., art. 12, § 4, concerning limitations on the monetary amounts of county contracts.
With regard to the board's power to control the operation of the county park, the statute states:
 (C) An administrative board may be assigned responsibility for a county department or a subordinate service district.
A.C.A. § 14-14-705(2)(C).
The above-quoted section of the statute is also unambiguous. In the Merriam-Webster Dictionary, the term "responsibility" is defined as involving "accountability," "important duties," and as having the ability to choose. These are all elements that are commonly involved in the control and operation of any entity. Therefore, when the phrase "assigned responsibility for" is given this ordinary meaning in common usage, the statute indicates that a board created pursuant to the statute can be given the power to control the operation of the department or service district for which it is responsible. Accordingly, I must conclude that a county park board that is created pursuant to A.C.A. § 14-14-705 does have the power to control the operation of the county park, within the applicable strictures of state law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh