The Honorable Dennis Young State Representative P.O. Box 1835 Texarkana, Arkansas 75504-1835
Dear Representative Young:
You have requested an Attorney General opinion on the following question:
 Is a mortgage loan company that is licensed with the United States Department of Veterans' Affairs exempt from the registration requirements of A.C.A. § 23-39-306?
It is my opinion that if the mortgage loan company in question was licensed with U.S. Department of Veterans' Affairs on or before July 1, 1997, and remains so licensed, and is otherwise in compliance with the requirements of A.C.A. § 23-39-101 et seq., the company is exempt from the registration, bond, and net worth requirements of A.C.A. § 23-39-101et seq.
Prior to the passage of Act 537 of 1997, all mortgage loan companies that were subject to licensing, supervision, or auditing by the United States Department of Veterans' Affairs were exempt under A.C.A. § 23-39-306(a)(4) from the registration, bond, and net worth requirements of A.C.A. § 23-39-101 et seq. Act 537 of 1997 amended that statutory section to remove such companies from the list of exempt companies. However, Act 537 also added the following sentence to the statute:
 Any mortgage loan company licensed with the United States Department of Veterans Affairs on or before July 1, 1997, shall be exempt from the registration, bond, and net worth requirements of this chapter so long as that mortgage loan company remains so licensed and is otherwise in compliance with the provisions of this chapter;
Acts 1997, No. 537, § 1 [A.C.A. § 23-39-306(a)(4).]
The above-quoted sentence indicates a clear intent on the part of the legislature to "grandfather in" VA-licensed mortgage loan companies that were already licensed with the VA (on or before July 1, 1997), that continued to be licensed by the VA, and that were otherwise in compliance with the requirements of A.C.A. § 23-39-101 et seq. (Companies should be particularly cognizant of the requirements of A.C.A. § 23-39-306(b), which apply to all exempt entities.)
One of the most basic rules of statutory interpretation is that unambiguous statutory language should be interpreted just as it reads.Leathers v. Cotton, 332 Ark. 49, 961 S.W.2d 49 (1998).
Accordingly, I must conclude that if the mortgage loan company in question was licensed with the U.S. Department of Veterans' Affairs on or before July 1, 1997, and remains so licensed, and is otherwise in compliance with the requirements of A.C.A. § 23-39-101 et seq., that company is exempt from the registration, bond, and net worth requirements of A.C.A. § 23-39-101 et seq.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh