The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, Arkansas 72115-1038
Dear Senator Hoofman:
You have requested an Attorney General opinion on the following questions:
 (1) Would the commissioner or an assistant/deputy commissioner be exempt from the provisions of A.C.A. § 23-50-109?
 (2) If a violation of this law occurred under the pretense of an investigation where false statements about the institution's affairs occurred, would the statute still be applicable?
 (3) If the allegations of a violation under A.C.A. § 23-50-109 prove to be true and correct, would the governor or commissioner be obligated to remove the violator from office or from his or her position immediately?
 (4) Would a violation confirmed under A.C.A. § 23-50-108 also constitute grounds for immediate dismissal, as provided for in A.C.A. § 23-50-109?
RESPONSE
Question 1 — Would the commissioner or an assistant/deputy commissionerbe exempt from the provisions of A.C.A. § 23-50-109?
The provisions of A.C.A. § 23-50-109 state:
 Any examiner who shall disclose any information obtained by him in the course of his employment, except to the commissioner or the directors of the financial institution, or when subpoenaed as a witness in a legal proceeding, or who shall knowingly and willfully make, state, or publish any false statement or report concerning the assets, liabilities, or affairs of the financial institution, shall be immediately removed from office, shall be liable under his official bond to the institution injured, and is guilty of a Class D felony.
A.C.A. § 23-50-109.
It is my opinion that the provisions of A.C.A. § 23-50-109 do not apply to the commissioner or an assistant or deputy commissioner. Rather, the language of this statute is directed specifically at examiners and the information to which they uniquely have access in the course of their duties. The Arkansas Supreme Court has often held that unambiguous statutory language should be interpreted just as it reads. Leathers v.Cotton, 332 Ark. 49, 961 S.W.2d 49 (1998). The language of A.C.A. §23-50-109 is unambiguous. I therefore find no legal basis for extending the application of this statute to any parties other than the expressly stated ones: examiners.
My conclusion regarding the scope of A.C.A. § 23-50-109 does not mean that commissioners and assistant or deputy commissioners are not held to certain standards of confidentiality, or that remedies are not available if those standards are violated. However I also note that under A.C.A. §23-46-507, A.C.A. § 23-46-101(b), and A.C.A. § 23-42-203(d), the commissioner is allowed to disclose information about regulated institutions in certain circumstances.
Question 2 — If a violation of this law occurred under the pretense of aninvestigation where false statements about the institution's affairsoccurred, would the statute still be applicable?
I am unable to answer this question without knowing more established facts. The Attorney General is not authorized to determine controverted questions of fact. The question of whether a violation has occurred and the question of whether the statute is applicable are both questions that will turn entirely upon the specific occurrences under consideration, such as who committed the acts in question, and what the alleged acts are. In order for these questions to be answered, the particular facts of the case must be provided and considered by an entity who has authority to determine such matters, such as a court.
Question 3 — If the allegations of a violation under A.C.A. § 23-50-109prove to be true and correct, would the governor or commissioner beobligated to remove the violator from office or from his or her positionimmediately?
I must initially reiterate that the provisions of A.C.A. § 23-50-109 are not applicable to the commissioner or an assistant or deputy commissioner. See response to Question 1. Therefore, if your question has reference to conduct by the commissioner or an assistant or deputy commissioner, the question is moot.
However, assuming that your question has reference to conduct by a person who is subject to the provisions of A.C.A. § 23-50-109, it is my opinion that if a violation of A.C.A. § 23-50-109 were established, the commissioner would be required by the provisions of A.C.A. § 23-50-109 to remove the offender immediately. This conclusion is based upon the express, mandatory language of the statute, which states that offenders "shall be immediately removed from office. . . ." (Emphasis added.)
It is my opinion that the governor does not have the power to remove the offender. The commissioner is empowered to administer removal decisions. Because the commissioner has the power to hire staff members pursuant to A.C.A. § 23-46-206, he has the concurrent power to fire staff members. I have previously opined that the power to hire carries with it the implicit power to fire. See, e.g., Ops. Att'y Gen. Nos. 97-211 and 93-221. No such authority is granted to the governor with regard to these matters.
Question 4 — Would a violation confirmed under A.C.A. § 23-50-108 alsoconstitute grounds for immediate dismissal, as provided for in A.C.A. §23-50-109?
It is my opinion that a violation of A.C.A. § 23-50-108 does not constitute grounds for immediate dismissal. This conclusion is based upon the fact that the drafters did not provide for this result, as they expressly did in A.C.A. § 23-50-109.
A.C.A. § 23-59-108 states:
 Any commissioner or examiner who shall knowingly and willfully make a false or fraudulent report of the condition of any financial institution with the intent to aid or abet its officers, owners, or agents in continuing to operate an insolvent institution or to injure the financial institution, or any examiner who shall receive or accept any bribe or gratuity given for the purpose of inducing him not to file a true and correct report of the condition thereof or who shall neglect to make an examination thereof because of having received a bribe or gratuity, is guilty of a Class D felony.
A.C.A. § 23-50-108. (This statute expressly applies to the commissioner.)
Unlike A.C.A. § 23-50-109, the above-quoted section does not mention immediate removal. These two statutes (A.C.A. § 23-50-108 and -109) were passed at the same time as a part of the same act [Act 89 of 1997]. I believe that if the legislature had intended for a violation of A.C.A. §23-50-108 to be grounds for immediate removal, they would have provided for this result as they did with regard to violations of A.C.A. §23-50-109.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh