The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, Arkansas 72450-9775
Dear Representative Wooldridge:
You have requested an official Attorney General opinion concerning the retirement benefits of a former fire chief in the City of Walnut Ridge.
You indicate that while serving as fire chief, this particular individual also served in other capacities, such as building inspector, electrical inspector, plumbing inspector, and HVAC inspector. You further indicate that the salaries from these other positions were added to his salary as fire chief for the purpose of determining the amount of benefits he would receive from the local fire pension fund.
Accordingly, you have asked:
 Can salaries from non-fire department positions be used in calculating the amount of benefits to be received from a local fire pension fund?
I must note initially that I am not in a position to make determinations about any particular individual's retirement benefits. The Attorney General is not authorized to make such determinations. The authority to do so has been granted by law to other state agencies. Determinations of this nature can be crucially affected by the particular facts of a given situation, particularly official decisions that may have been made on the local level. For this reason, I cannot opine definitively as to the benefits that should be received by the fire chief about whom you have inquired, nor should this opinion be interpreted in any regard as a pronouncement as to that individual's retirement.
Nevertheless, to the extent that you have asked a general question of law, I will proceed to address that question. It is my opinion that salaries from non-fire department positions should not be used in calculating the amount of benefits to be received from a local fire pension fund.
I base this conclusion on the language of A.C.A. § 24-11-818, which is a part of the set of statutes governing local fire pension funds. That statute addresses the calculation of benefits to be paid in a standard voluntary retirement situation. The statute states:
 Any pension fund member who has served in a fire department in the State of Arkansas for a period of twenty (20) years or more, the last five (5) years of which shall have been consecutive, shall be entitled to be retired and receive from the fund a monthly pension equal to one-half (1/2) of the salary attached to the rank he held as a volunteer, part-paid, or full-paid member.
A.C.A. § 24-11-818(a)(2) (emphasis added). The statutes governing the payment of retirement benefits from local fire pension funds under other circumstances similarly contain language requiring calculation based upon the pay "attached to the rank" of the fireman in question. See A.C.A. §§24-11-819, -820, -826.
The language contained in these statutes is unambiguous. It clearly requires that benefits be calculated on the basis of the salary paid to the individual as a fireman, and not the salary paid to him in any other capacity. One of the most fundamental rules of statutory interpretation, stated often by the Arkansas Supreme Court, is that unambiguous statutory language should be interpreted just as it reads. See, e.g., Leathers v.Cotton, 332 Ark. 49, 961 S.W.2d 49 (1998). Applying this rule of statutory interpretation to the provisions governing the calculation of retirement benefits to be paid from local fire pension funds, I must conclude that salaries from non-fire department positions should not be used in calculating the amount of benefits to be received from a local fire pension fund.[1]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] If it is factually determined that certain benefits were calculated and deductions made in a manner that violated state law, state retirement officials should be consulted concerning how the situation should be rectified, taking into consideration the particular facts of the situation.