Mr. Kurt Knickrehm, Director Department of Human Services 329 Donaghey Plaza South P.O. Box 1437 Little Rock, AR 72203-1437
Dear Mr. Knickrehm:
You have requested an Attorney General's opinion in response to the following questions:
 (1) Are psychiatric residential treatment facilities for children subject to the jurisdiction of the Health Services Agency as "long-term care facilities" under A.C.A. § 20-8-101 et seq., or under any other statutory authority?
 (2) Are non-psychiatric child welfare agencies subject to the jurisdiction of the Health Services Agency as "long-term care facilities" under A.C.A. § 20-8-101 et seq., or under any other statutory authority?
 (3) If the answer to Question 1 is yes, but the answer to Question 2 is no, what specific language in state law supports the distinction?[1]
RESPONSE
Question 1 — Are psychiatric residential treatment facilities forchildren subject to the jurisdiction of the Health Services Agency as"long-term care facilities" under A.C.A. § 20-8-101 et seq., or under anyother statutory authority?
It is my opinion that psychiatric residential treatment facilities for children are subject to the jurisdiction of the Health Services Agency as "long-term care facilities" under A.C.A. § 20-8-101 et seq.[2] [unless they fall within one of the statutory exceptions — see A.C.A. §20-8-101(6)(B)(C)].[3]
All "health facilities" must apply to the Health Services Agency for permits of approval. See A.C.A. § 20-8-107; -103; -104. The term "health facility" is defined in A.C.A. § 20-8-101(6)(A) to mean a "`long-term care facility' as defined by A.C.A. § 20-10-101(7)." The term "long-term care facility" is defined by A.C.A. § 20-10-101(7) to mean "a nursing home, residential care facility, post-acute head injury retraining and residential care facility, or any other facility which provides long-term medical or personal care[.]"
The question, therefore, as you have noted, is whether a psychiatric residential treatment facility for children constitutes a "long-term care facility" as defined above. It is my opinion that it does. Psychiatric residential treatment facilities for children fall within the jurisdiction of the Child Welfare Agency. The statutes addressing that agency's jurisdiction define the term "psychiatric residential treatment facility" as follows:
 "Psychiatric residential treatment facility" means a residential child care facility in a nonhospital setting that provides a structured, systematic, therapeutic program of treatment under the supervision of a psychiatrist, for children who are emotionally disturbed and in need of daily nursing services, psychiatrist's supervision and residential care, but who are not in an acute phase of illness requiring the services of an inpatient psychiatric hospital.
A.C.A. § 9-28-402(16).[4]
The above-quoted definition of "psychiatric residential treatment facility" (which applies to such facilities for children) clearly indicates that such facilities fall within the definition of "long-term care facilities," as defined by A.C.A. § 20-10-101(7), quoted previously. More specifically, such facilities are, by definition, facilities that provide long-term medical and personal care. They therefore constitute the type of "long-term care facility" that is subject to the jurisdiction of the Health Services Agency, and must apply to that agency for permits of approval.[5]
Question 2 — Are non-psychiatric child welfare agencies subject to thejurisdiction of the Health Services Agency as "long-term care facilities"under A.C.A. § 20-8-101 et seq., or under any other statutory authority?
It is my opinion that non-psychiatric child welfare agencies are subject to the jurisdiction of the Health Services Agency as "long-term care facilities" under A.C.A. § 20-8-101 et seq.[6]
"Child welfare agencies" are defined by statute as follows:
 (6) "Child welfare agency" means any person, corporation, partnership, voluntary association or other entity or identifiable group of entities having a coordinated ownership of controlling interest, whether established for profit or otherwise, who engages in any of the following activities:
 (A) Receives a total number of six (6) or more unrelated minors for care on a twenty-four-hour basis for the purpose of ensuring the minors receive care, training, education, custody or supervision, whether or not there are six (6) or more children cared for at any single physical location;
 (B) Places any unrelated minor for care on a twenty-four-hour basis with persons other than themselves;
 (C) Plans for or assists in the placements described in subdivision (6)(b).
A.C.A. § 9-28-402(6).
In order to fall within the jurisdiction of the Health Services Agency, "child welfare agencies" as defined above, whether psychiatric or non-psychiatric, must also constitute "long-term care facilities," as defined by A.C.A. § 20-10-101(7). As discussed in response to Question 1, that statute defines "long-term care facility" to mean "a nursing home, residential care facility, post-acute head injury retraining and residential care facility, or any other facility which provides long-term medical or personal care[.]"
"Child welfare agencies," by definition, do fall within the definition of "long-term care facility" quoted previously. More specifically, all "child welfare agencies," by definition, provide care that is always both around-the-clock and personal in nature. Therefore, such an agency (whether psychiatric or not), would indisputably constitute a "facility[7] which provides long-term medical or personal care[,]" within the meaning of "long-term care facility." Accordingly, they are subject to the jurisdiction of the Health Services Agency.
Question 3 — If the answer to Question 1 is yes, but the answer toQuestion 2 is no, what specific language in state law supports thedistinction?
Because I have opined that both psychiatric residential treatment facilities and non-psychiatric child welfare agencies are subject to the jurisdiction of the Health Services Agency, this question is moot.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] These same questions were presented previously, but I was unable to opine in response to them due to the fact that litigation involving the issues raised by these questions was pending at that time. See Op. Att'y Gen. No. 98-305. Since the issuance of Op. No. 98-305, the litigation involving the issues raised by these questions has been dismissed. See
Pulaski County Circuit Court, Case No. 98-10214, Order Dismissing Plaintiff's Petition for Judicial Review Without Prejudice.
[2] It should be noted that S.B. 784, currently pending in the 1999 General Assembly, would create a specific exception under which facilities and agencies licensed under A.C.A. § 9-28-401 et seq. would not be deemed to fall within the meaning of A.C.A. § 20-10-101(7).
[3] The following facilities are not subject to the jurisdiction of the Health Services Agency:
 (B)(i) A "hospital", as defined by and licensed pursuant to § 20-9-201
(3), except when a hospital seeks to add long-term care beds or convert acute beds to long-term care beds or add home health services pursuant to a letter of intent filed with the Department of Health after February 15, 1993, or expand home health services pursuant to a letter of intent filed with the Department of Health after February 15, 1993;
(ii) Offices of private physicians and surgeons;
(iii) Outpatient surgery or imaging centers;
 (iv) Post-acute head injury retraining and residential care facilities or establishments operated by the federal government or any agency thereof;
(v) Free-standing radiation therapy centers;
 (vi) Expansion, not to exceed fifteen (15) beds, of the twenty-five (25) bed nonprofit intermediate care facility for the mentally retarded that provides transitional rehabilitation for pediatric patients;
 (vii) Residences for four (4) or fewer individuals with developmental disabilities who receive support and services from nonprofit providers currently licensed by the Division of Developmental Disabilities Services of the Department of Human Services; or
 (viii) Any facility which is conducted by and for those who rely exclusively upon treatment by prayer alone for healing in accordance with the tenets or practices of any recognized religious denomination.
 (C) The term "health facility" shall not include offices of private physicians and surgeons, outpatient surgery or imaging centers, establishments operated by the federal government or any of its agencies, free-standing radiation therapy centers, or any facility which is conducted by and for those who rely exclusively upon treatment by prayer alone for healing in accordance with the tenets or practices of any recognized religious denomination.
A.C.A. § 20-8-101(6)(B)(C). If a particular "psychiatric residential treatment facility" falls within any of the above-quoted exceptions, it will not be subject to the jurisdiction of the Health Services Agency.
[4] Similarly, Health Services Commission Regulation 001 defines the term "psychiatric residential treatment facilities" as follows: "24-hour psychiatric residential treatment establishments with permanent facilities (other than psychiatric inpatient hospital) which provides a structured, systematic therapeutic program of treatment, under the supervision of a psychiatrist, for emotionally disturbed children and/or adolescents, six to twenty-one years of age, grouped in an age appropriate manner." HSC Regulation 001-Section II(P).
[5] But see Footnote 3.
[6] Again, see the exceptions set forth in Footnote 3.
[7] The term "facility" is not defined in the statute, and therefore should be given its commonly understood meaning. See Leathers v. Cotton,332 Ark. 49, 961 S.W.2d 49 (1998). The commonly understood meaning can be determined from the dictionary definition of the word. "Facility" is defined in the Merriam-Webster Dictionary to mean "something built, installed, or established to serve a purpose." (Emphasis added.) Under this common definition of the term, a "facility" need not be a physical location. For this reason, I would characterize child welfare agencies that are established under A.C.A. § 9-28-402(6)(B) and (C) as "facilities" which provide long-term medical or personal care, even though they may not be physical locations.