The Honorable David C. Hausam State Representative 1214 N.E. 10th Street Bentonville, AR 72712-4906
Dear Representative Hausam:
You have requested an Attorney General opinion in response to the following questions:
 (1) Can a mayor veto the city council's reinstatement of a department head, when the mayor has fired the department head and the city council has overruled the mayor's firing?
 (2) Can the city council call a special meeting to override the veto, or do they have to wait until the next regularly scheduled council meeting?
 (3) Can a mayor fire the department head immediately after the override, under the city's "at-will" policy?
RESPONSE
As an initial matter, I must note that you have not indicated the particular department head in question, nor have you indicated whether the particular department is administered by a civil service commission. The wording of your questions appears to indicate that the department in question is not under the control of a civil service commission. In answering your questions, I will assume that this is the case. However, I must note that in cities where the council has delegated the authority to appoint and remove to a civil service commission, or where the department in question is outside the control of the city itself, the mayor does not have the power to hire or fire the department heads. See A.C.A. §14-42-110; Op. Att'y Gen. No. 97-211.
Question 1 — Can a mayor veto the city council's reinstatement of adepartment head, when the mayor has fired the department head and thecity council has overruled the mayor's firing?
It is my opinion that the mayor cannot veto the city council's reinstatement of department head whom the mayor had previously fired.
This situation is governed by A.C.A. § 14-42-110, which states:
 (a)(1) Mayors in cities of the first class and second class and incorporated towns shall have the power to appoint and remove all department heads, including city and town marshals when an ordinance has been passed making city and town marshals appointed, unless the city or town council shall, by a two-thirds (2/3) majority of the total membership of the council, vote to override the mayor's action.
 (2) Provided, however, that in cities of the first class and second class with civil service commissions, the governing body of the city may, by ordinance, delegate the authority to appoint and remove the heads of the police and fire departments to the city's civil service commission.
* * *
 (c) The provisions of this section shall not apply to department heads not under the control of the governing body of the city and shall not apply to cities having a city administrator form of government.
A.C.A. § 14-42-110 (emphasis added).
The above-quoted statute indicates that the mayor's authority to hire and fire department heads is subject to the city council's override authority. It is my opinion that the mayor's regular veto authority (see
A.C.A. § 14-43-504; A.C.A. § 14-44-107; A.C.A. § 14-45-105) is not invocable in this situation, because the two-thirds majority that is needed to override a veto [Id. at §§ 504(e)(2)(B); 107(b)(2)(B); 105(b)(2)(B)] will have already been achieved, thus making a veto futile. In other words, a mayor cannot veto action that is taken by a two-thirds majority of the city council. Accordingly, I conclude that a city council's action with regard to the appointment or removal of a department head is the ultimate local authority on the matter.
Therefore, a mayor cannot veto a city council's reinstatement of a department head whom the mayor had previously fired.
Question 2 — Can the city council call a special meeting to override theveto, or do they have to wait until the next regularly scheduled councilmeeting?
If this question is referring to the veto that was the subject of Question 1, Question 2 is moot, in light of the fact that I opined in response to Question 1 that a mayor cannot veto the city council's reinstatement of a department head.
If, however, you are posing the question independently of Question 1, and are referring in general to vetoes and overrides, it is my opinion that the city council must wait until the next regularly scheduled meeting to override a mayor's veto. I base this conclusion on the fact that the law requires the override to take place after a mayor's statement of reasons for the veto are presented to the council, and that presentation is required to take place at the next regular meeting of the council. For example, the statute governing veto overrides in cities of the first class states:
 (1) A mayor shall have the power to veto, within five (5) days, Sundays excepted, after the action of the city council thereon, any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his judgment is contrary to the public interests.
 (2)(A) In case of a veto, before the next regular meeting of the council, the mayor shall file in the office of the city clerk, to be laid before that meeting, a written statement of his reasons for so doing.
 (B) No such ordinance, resolution, or order, or part thereof, vetoed by the mayor shall have any force or validity unless, after the written statement is laid before it, the council shall, by a vote of two-thirds (2/3) of all the aldermen elected thereto, pass it over the veto.
A.C.A. § 14-43-504 (emphasis added). The statutes governing veto overrides in cities of the second class and incorporated towns contain almost identical language. See A.C.A. § 14-44-107; A.C.A. § 14-45-105.
This statutory language is unambiguous regarding this matter and therefore must be interpreted just as it reads. Leathers v. Cotton,332 Ark. 49, 961 S.W.2d 49 (1998). Accordingly, I conclude that because a city council must wait until after a mayor presents to the council the written reasons for the veto, and because that presentation must take place at the next regular council meeting, a council must wait until its next regular meeting to override a mayor's veto.
I must reiterate, however, that (as discussed in response to Question 1) a mayor may not veto a city council's override of an appointment or removal decision. If that is the focus of this question, the question is moot.
Question 3 — Can a mayor fire the department head immediately after theoverride, under the city's "at-will" policy?
Your question appears to describe a situation in which the mayor has previously fired a department head, the city council has overridden that decision, and the mayor subsequently fires the department head again, this time under the city's "at-will" policy.
It is my opinion that the mayor's second firing of the department head will be subject to the city council's override authority, and will be viewed as a separate incident. The fact that the mayor's reason for the second firing may be based on the city's "at-will" policy will not affect the city council's authority to override that decision. Any local policy of a municipality, including an "at-will" policy, will be subject to state law and cannot be used to circumvent state law. That is, cities cannot enact policies that contradict state law. See Ark. Const., Art.12, § 4; A.C.A. §§ 14-42-307; 14-54-101; 14-55-101.
Therefore, if a city has an "at-will" policy that is applicable to its employees, that policy must give way to the requirement of state law, discussed above, that the city council is to have ultimate authority, vis-a-vis the mayor, regarding the appointment and removal of department heads.
Accordingly, I conclude that if a mayor has fired a department head and the city council has overridden that decision with a 2/3-majority vote, pursuant to state law, the mayor cannot then re-fire the department head under the city's "at-will" policy.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh