The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
I am writing in response to your request for an opinion on the following question:
 What is the validity of an ordinance passed by a city council of a city of the first class which the mayor subsequently vetoes pursuant to his authority under A.C.A. § 14-43-504(e), but then fails to file a written statement of his reasons for vetoing the ordinance with the office of city clerk and fails to present to the city council at their next regular city council meeting as required by A.C.A. § 14-43-504(e)(2)(A)?
RESPONSE
As one of my predecessors observed regarding a mayor's veto, only a finder of fact can determine whether the mayor effectively vetoed certain action of a city council. Op. Att'y Gen. 2000-319. I am not a fact finder in the issuance of Attorney General opinions. I can opine generally, however, that assuming the mayor failed to observe the formalities required for a veto under A.C.A. § 14-43-504(e), then the veto likely failed and the ordinance probably remains effective.
Subsection 14-43-504(e) provides in relevant part as follows in establishing the mayor's veto power: *Page 2 
 The mayor of any city of the first class shall, in addition to the powers and duties already pertaining to that office, be clothed with, and exercise and perform, the following:
 (1) A mayor shall have the power to veto, within five (5) days, Sundays excepted, after the action of the city council thereon, any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his judgment is contrary to the public interests.
 (2)(A) In case of a veto, before the next regular meeting of the council, the mayor shall file in the office of the city clerk, to be laid before that meeting, a written statement of his reasons for so doing.
 (B) No such ordinance, resolution, or order, or part thereof, vetoed by the mayor shall have any force or validity unless, after the written statement is laid before it, the council shall, by a vote of two-thirds (2/3) of all the aldermen elected thereto, pass it over the veto.
A.C.A. § 14-43-504(e) (Supp. 2009) (emphasis added).
The emphasized statutory language is unambiguous and therefore must be interpreted just as it reads. E.g., Leathers v.Cotton, 332 Ark. 49, 961 S.W.2d 49 (1998). According to the statute, the mayor must 1) file with the city clerk, before the next regular council meeting, a written statement of his reasons for the veto and 2) present the statement to the council at that meeting.See also Op. Att'y Gen. Nos. 99-077 and 97-343 (addressing several questions related to the city council's authority to override a veto).
The statute does not explicitly address the effect of a mayor's failure to follow these procedures. Clearly, however, these two contingencies must occur before the city council can act to override the veto pursuant to subsection 14-43-504(e)(2)(B). Accord
Op. 97-077 (observing that "the law requires the override to take place after a mayor's statement of reasons for the veto are presented to the council, and that presentation is required to take place at the next regular meeting of the council.") This leads me to surmise that a veto is likely ineffective if the mayor fails to follow the requisite procedures. To conclude otherwise would effectively deny the council its authority to pass the ordinance over the veto. The language of subsection (e)(2)(B) may also indirectly support this conclusion *Page 3 
wherein it provides that "[n]o such ordinance . . . vetoed by the mayor shall have any force or validity unless, after the writtenstatement is laid before it, the council shall . . . pass it over the veto." (Emphasis added). This arguably suggests by negative implication that an ordinance will have force and validity if the prerequisite written statement is not presented.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General